UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THOMAS RUSSELL BOARDMAN,

    Petitioner,

v.

JEFFREY A. UTTECHT,

    Respondent.

CASE NO. 3:21-cv-05428-JCC-JRC

REPORT AND RECOMMENDATION

NOTED FOR: November 12, 2021

    The District Court has referred this petition for a writ of habeas corpus to Chief United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Petitioner filed the petition pursuant to 28 U.S.C. § 2254.

    In 2018, a Kitsap County Superior Court sentenced petitioner to a minimum term of 123 months of confinement to a maximum term of life after petitioner pleaded guilty to first degree rape of a child. Petitioner now seeks to challenge the validity of his conviction. However, petitioner's federal habeas corpus petition is untimely because he filed the petition more than one

1 | year after his state court judgment became final. Additionally, petitioner has not presented any
2 | extraordinary circumstances that require the application of equitable tolling principles.
3 | Therefore, this federal habeas petition should be dismissed with prejudice.

**BACKGROUND**

Petitioner, who proceeds *pro se*, instituted this matter in federal court in June 2021. Dkt. 1. On July 6, 2021, the Court ordered petitioner to file an amended petition on the Court's form. Dkt. 6. Petitioner filed the amended petition on July 20, 2021. Dkt. 7. On September 2, 2021, respondent filed a response to the amended petition. Dkt. 11. Petitioner filed the same reply twice. (Dkts. 13, 14). Respondent also filed the relevant state court record of proceedings, which set forth the following account of events.

On October 29, 2018, the superior court sentenced petitioner. Dkt. 12-1, at 2–14. Petitioner did not appeal his conviction. Instead, petitioner filed a federal habeas petition on April 11, 2019. *See Boardman v. Uttecht*, No. C19-5328-BHS-DWC, Dkt. 1. On September 5, 2019, the District Court dismissed the petition without prejudice for failure to exhaust state court remedies. *See id.*, Dkt. 20 (Order adopting Report and Recommendation).

On October 7, 2019, petitioner filed a personal restraint petition in Division Two of the Washington State Court of Appeals. Dkt. 12-1, at 17–35. On March 16, 2020, Division Two denied petitioner's request for relief. Dkt. 12-1, at 134. Petitioner then filed a motion for reconsideration, which the Washington State Supreme Court construed as a motion for discretionary review. *See* Dkts. 12-1, at 136–44, 146. On June 18, 2020, a commissioner of the Supreme Court denied review of the petition. Dkt. 12-1, at 161. Petitioner moved to modify the Court's decision (Dkt. 12-1, at 163–66), which the Court rejected. Dkt. 12-1, at 169. On October 5, 2020, Division Two issued a certificate of finality. Dkt. 12-1, at 171.

| | |
|---|---|
| 1 | **DISCUSSION** |

Respondent argues that petitioner's petition is time-barred pursuant to the one-year period of limitations set forth by federal statute. *See* 28 U.S.C. § 2244(d). Respondent also argues that petitioner did not properly exhaust his second claim and that it is procedurally defaulted. Because the issue of whether the statute of limitations bars the petition is dispositive, the Court does not reach the exhaustion and procedural default issues.

**I.    Legal Standard**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") established a statute of limitations for petitions filed by prisoners challenging their custody under a state court judgment and sentence. 28 U.S.C. § 2244(d). The statute generally begins to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). For purposes of 28 U.S.C. § 2244(d)(1)(A), direct review generally concludes, and the judgment becomes final, either upon the expiration of the time for filing a petition for writ of certiorari with the Supreme Court, or when the Court rules on a timely filed petition for certiorari. *Bowen v. Roe*, 188 F.3d 1157, 1158–59 (9th Cir. 1999). However, if a petitioner fails to petition the state's highest court for review, the conviction becomes final when the time for seeking such review elapses. *Gonzalez v. Thaler*, 565 U.S. 134, 148–150 (2012); *Wixom v. Washington*, 264 F.3d 894, 897–98 (9th Cir. 2001).

**A.  Timeliness**

Here, a Kitsap County Superior Court convicted and sentenced petitioner on October 29, 2018. *See* Dkt. 12-1, at 2–14. Under state law, petitioner had 30 days to appeal. *See* Washington Rule of Appellate Procedure ("RAP") 5.2(a). However, petitioner did not seek a direct appeal. Therefore, for purposes of 28 U.S.C. § 2244(d), judgment became final—and AEDPA's one-

year statute of limitations began to run—on November 28, 2018. *See Gonzalez*, 565 U.S. at 148–150. On April 11, 2019, petitioner filed a federal habeas action that was subsequently denied on exhaustion grounds. *See Boardman v. Uttecht*, No. C19-5328-BHS-DWC, Dkt. 1. Unlike state post-conviction proceedings, the filing of a federal habeas petition does not toll the limitations period under AEDPA. *See Bolin v. Baker*, 994 F.3d 1154, 1156 (9th Cir. 2021) (citing *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001). Therefore, the statute of limitations kept running while petitioner's first federal habeas petition was pending.

On October 7, 2019, petitioner signed a personal restraint petition contesting his conviction in state court, which tolled the AEDPA statute of limitations. Dkt. 12-1, at 17–35; 28 U.S.C. § 2244(d)(2). By then, the statute of limitations had run for 313 days. Respondent argues that the statute of limitations started to run again on September 10, 2020, but that is the day the decision of Division Two of the Washington Court of Appeals became final, not when the certificate of finality was *issued*. *See* 28 U.S.C. § 2244(d)(2); *Phongmanivan v. Haynes*, 458 P.3d 767, 768 (Wash. 2020) (a personal restraint petition becomes final when a certificate of finality is issued). Division Two *issued* the certificate of finality on October 5, 2020. *See* Dkt. 12-1, at 171.

Therefore, the statute of limitations resumed on October 6, 2020, and the one-year time limit for petitioner to file his federal habeas petition expired on November 27, 2020. Petitioner signed and submitted his federal habeas petition on July 20, 2021. Dkt. 7. This was 235 days after the one-year statute of limitations had run.

Petitioner argues that his petition is not untimely because his judgment became final on September 9, 2020. *See* Dkt. 13, at 1. However, that is the date that the Washington Court of Appeal's decision on his personal restraint petition became final, not when his judgment became

1 final. *See* Dkt. 12-1, at 171. As previously stated, judgment became final and the AEDPA statute

2 of limitations began to run on November 28, 2018—when petitioner's time to file a direct appeal

3 of his judgment expired. *See Gonzalez*, 565 U.S. at 148–150.

4     Petitioner also argues that his petition is not untimely because under RCW 10.73.100, his

5 petition is exempt from the one-year limitation imposed by RCW 10.73.090. *See* Dkt. 13, at 1–2.

6 However, the statutes petitioner cites govern the circumstances under which a Washington court

7 may entertain an untimely state petition for post-conviction relief. They do not apply to federal

8 habeas proceedings, which are governed by 28 U.S.C. § 2244(d).

9     **B. Equitable Tolling**

10     The AEDPA statute of limitations is subject to equitable tolling where the petitioner

11 pursued his rights diligently and "some extraordinary circumstance stood in his way." *Holland v.*

12 *Florida*, 560 U.S. 631, 649 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

13 Equitable tolling is appropriate where external forces, rather than the petitioner's lack of

14 diligence, account for the failure to file a timely petition. *Miles v. Prunty*, 187 F.3d 1104, 1107

15 (9th Cir. 1999). Whether a petitioner is entitled to equitable tolling is a fact-specific inquiry.

16 *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc). To receive equitable

17 tolling, a petitioner at the very least must show the extraordinary circumstances "were the but-for

18 and proximate cause of his untimeliness." *See Miles*, 187 F.3d at 1105–07 (equitable tolling

19 appropriate where prison official failed to properly process for mailing a timely submitted

20 petition); *Frye v. Hickman*, 273 F.3d 1144 (9th Cir. 2001) (equitable tolling not appropriate

21 where attorney miscalculated the statute of limitations deadline).

22     Here, petitioner does not argue that he is entitled to equitable tolling and fails to

23 demonstrate any extraordinary circumstance that prevented him from filing a timely habeas

24

petition. Therefore, the Court concludes that his petition is time barred under 28 U.S.C. § 2244(d)(1) and should be dismissed.

## CERTIFICATE OF APPEALABILITY

Petitioners seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A certificate of appealability may issue only if petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Pursuant to this standard, this Court concludes that petitioner is not entitled to a certificate of appealability with respect to this petition.

## EVIDENTIARY HEARING

The decision to hold a hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *See Cullen v. Pinholster*, 563 U.S. 170, 182 (2011). A hearing is not required if the allegations would not entitle petitioner to relief under 28 U.S.C. § 2254(d). *Landrigan,* 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.* "[A]n evidentiary hearing is not

required on issues that can be resolved by reference to the state court record. *See Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998). Under this standard, the Court finds it unnecessary to hold an evidentiary hearing. The timeliness of the petition can be resolved by reference to the state court record.

## CONCLUSION

Based on the foregoing, the Court recommends that the habeas petition (Dkt. 7) be dismissed with prejudice. No evidentiary hearing is required and a certificate of appealability should be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on November 12, 2021, as noted in the caption.

Dated this 26th day of October, 2021.

J. Richard Creatura
Chief United States Magistrate Judge